# Exhibit A

Civil Court of the City of New York
County of Queens

-----------------------------------------------------------X

SHERAZ MUNIR,

                    Plaintiff,

          -against-

EXPERIAN,

                    Defendant.

-----------------------------------------------------------X

Index No.: CV-031190-24/
Date Filed: 12/27/24  QU

## SUMMONS

Plaintiff's Residence Address:
4332 Kissena Blvd., Apt. 11B
Flushing, N.Y. 11355
The basis of venue designated:
Plaintiff's residence and
Location/situs of incident(s)

**To the above named defendant:**

    You are hereby summoned to appear in the Civil Court of the City of New York, County of Queens at the office of the said Court at 89-17 Sutphin Boulevard, Jamaica, in the County of Queens, City and State of New York, 11435 within the time provided by law as noted below and file your answer to the summons and endorsed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of **FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00)**, interest from the date of the incidents alleged in this suit and together with the costs and disbursements of this action.

**Dated: December 13, 2024**

                    By: _____
                          April Forbes, Esq.
                      Attorney(s) for Plaintiff
                           P.O. Box 865
                      Hudson, New York 12534
                         (518) 249-5328

**Defendant's Address:**
EXPERIAN
701 Experian Parkway
Allen, Texas 75013

**NOTE:** The law provides that:
    (a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the City of New York, you must appear and answer within **TWENTY** days after such service; or
    (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed **THIRTY** days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Civil Court of the City of New York
County of Queens

---------------------------------------------X

SHERAZ MUNIR,

              Plaintiff,

v.

EXPERIAN,

              Defendant(s).

---------------------------------------------X

Index No.:

**COMPLAINT**

**DEMAND FOR A JURY TRIAL**

    Plaintiff SHERAZ MUNIR, ("Plaintiff"), by and through his attorneys, April Forbes, P.C., as and for his Complaint against the Defendant EXPERIAN hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

    1.    Plaintiff brings this action for damages, declaratory relief, and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

## PARTIES

    2.    Plaintiff is a resident of the County of Queens within the State of New York.

    3.    Defendant is a Texas corporation and has a place of business at 701 Experian Parkway, Allen, Texas 75013.

    4.    Defendant is regularly engaged in the national business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

## JURISDICTION AND VENUE

    5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff obtained a copy of his credit report on September 25, 2024 and noticed several accounts reporting with inaccurate information.

10. Based on the inaccurate information observed by Plaintiff on his credit report, Plaintiff wrote a dispute letter to Defendant which was dated September 25, 2024 ("Plaintiff's dispute letter").

11. Plaintiff's dispute letter was sent to Defendant via mail on September 25, 2024.

12. Plaintiff's dispute letter stated as follows:

Dear Experian
The following accounts need to be investigated for inaccuracies:

• AMEX/CBNA ACCT#: 377481XXXXXX → account being marked as a charge off with a balance of $6113 and that the last payment date was 3/2020 but the actual last payment was 07/2020 and the account was paid in full

• BARCLAYS BANK DELAWARE ACCT#: 000330XXXXX → account being marked as a charge off with a balance of $1666 and that the last payment date was 10/2020 but the actual last payment was 11/2020 and the account was paid in full

• JPMCB CARD ACCT#: 426684XXXXXX → account being marked as a charge off with a balance of $7791 and that the last payment date was 3/2020 but the actual last payment was 09/2020 and the account was paid in full

• SYNCB/OLDNAVYDC ACCT#: 447995XXXXX → account being marked as a charge off with a balance of $4203 and that the last payment date was 10/2021 but the actual last payment was 07/2020 and the account was paid in full

• TD BANK NA ACCT#: 483950XXXXXX → account being marked as a charge off with a balance of $7767 and that the last payment date was 1/2022 but the actual last payment was 7/2020 and the account was paid in full

- TOYOTA MOTOR CREDIT ACCT#: 704022XXXXXX → this vehicle was repossessed by the bank and was sold years ago which paid off the balance of the car which is what I was told; my report shows a charged off account with a balance of $2490

13. Defendant responded with a letter dated October 15, 2024 which disregarded the substantive points of concern included within Plaintiff's dispute letter, but, instead requesting that a consumer statement be included.

14. Defendant's response to Plaintiff's dispute letter dated October 15, 2024 states:

> We received a recent request regarding your credit information that does not appear to have been sent directly by your or to be authorized by you. As a precautionary measure we have not taken any action on your alleged request. According to the Federal Fair Credit Reporting Act, if the completeness or accuracy of any item of information contained in a consumer's file at a national consumer credit reporting company is disputed by the consumer and the consumer notifies the company directly of such dispute, the company shall reinvestigate free of charge. Therefore, you can dispute any inaccurate information directly with Experian for free.

15. However, Plaintiff's dispute letter provided Defendant with Plaintiff's accurate name, social security number, address, and date of birth.

16. Additionally, Plaintiff forwarded to Defendant a copy of his driver's license along with Plaintiff's dispute letter.

17. Defendant: (i) incorrectly assumed Plaintiff did not directly send the dispute; (ii) failed to properly to investigate the disputed accounts; and (iii) failed to respond with an investigation within the thirty (30) day requirement and thereby violated the Plaintiff's rights under the FCRA.

18. Plaintiff pulled his credit report again on November 8, 2024 and the disputed trade lines contained with Plaintiff's dispute letter were not verified, deleted, or marked as disputed.

19. As such, Defendant violated Plaintiff's rights under the FCRA.

**FIRST CAUSE OF ACTION**
*(Violation(s) of the FCRA)*

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. 15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and provides as follows:

> (1) Reinvestigation required
>
> (A) In general
>
> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

22. Defendant violated 15 U.S.C. §1681i(a) by failing to properly investigate the disputed accounts and respond to the Plaintiff within the required thirty (30) day period and further to delete the account within the required 30 day period.

23. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained.

24. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to update the credit report, delete and/or remove the disputed accounts as requested in Plaintiff's dispute letter.

25. As a result of Defendant's violation of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

26. The violation(s) by Defendant of 15 U.S.C. §1681e (b) was/were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

27. After receiving Plaintiff's dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

28. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

29. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with Plaintiff's reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

30. Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

31. Such reports contained information about Plaintiff that was false misleading, and inaccurate.

32. Defendant violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute letter pertaining to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

33. As a result of the Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

34. The violation(s) by Defendant of 15 U.S.C. §1681i(a) was/were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36. As a result of the Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

37. The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was/were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

38. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

39. Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

40. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

42. Defendant violated the Plaintiff's rights under 15 U.S.C. §1681i (a)(8)(b) by failing to include the required consumer statement under 15 U.S.C. §1681i(a)(8)(b) entitled "Statement of dispute", and provides as follows: "[i]f the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute".

## DEMAND FOR TRIAL BY JURY

43. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant:

A. For actual and statutory damages provided in the amount of FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00) and pursuant to 15 U.S.C. §§1681 n

(a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. §1681 o (a) (1)(2);

  B. A declaration that Defendant's practices violated the FCRA;

  C. Injunctive relief directing Defendant to remove the disputed tradelines contained within Plaintiff's dispute letter;

  D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and,

  E. For any such other and further relief, including, but not limited to pre-judgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
    December 13, 2024

         Respectfully submitted,

         By: _____
         April Forbes, Esq.
         April Forbes, P.C.
         P.O. Box 865
         Hudson, New York 12534
         Phone: (518) 249-5328
         Facsimile: (518) 707-0880
         Email: aforbes@esquirepc.org

         *Attorney(s) for the Plaintiff*

**Civil Court of the City of New York**
**County of Queens**

---

SHERAZ MUNIR,                               Index No.:

                      Plaintiff,

   -against-

EXPERIAN,

                      Defendant.

---

# SUMMONS AND COMPLAINT

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

---

To:
Attorney(s) for:

---

Service of a copy of the within _____ is hereby admitted.

Dated:                                                       _____
                                                           Attorney (s) for

---

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Date: December 13, 2024                                   Signature _____
                                                                         April Forbes, Esq.
                                                                         Attorney(s) for Plaintiff
                                                                         April Forbes, P.C.
                                                                         P.O. Box 865
                                                                         Hudson, New York 12534
                                                                         (518) 249-5328 - Telephone
                                                                         (518) 707-0880 - Telefax
                                                                         aforbes@esquirepc.org - Email